IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| **In re:** ) | | **Chapter 11** |
| ) | | |
| **Advanced Sports Enterprises, Inc.,** *et al.*,[1] ) | | |
| ) | | **Case No. 18-80856** |
| ) | | **(Joint Administration Pending)** |
| ) | | |
| **Debtors.** ) | | |
| ) | | |

**MOTION TO EMPLOY FLASTER/GREENBERG, PC
AS COUNSEL FOR DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Advanced Sports Enterprises, Inc., Advanced Sports, Inc., Performance Direct, Inc., Bitech, Inc., and Nashbar Direct, Inc. (collectively, the "Debtors") file this *Motion To Employ Flaster/Greenberg, PC As Counsel For Debtors Nunc Pro Tunc To The Petition Date* (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for relief requested herein are section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 2014, 2016, and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The Debtors in this case, along with each Debtor's case number, are: (i) Advanced Sports Enterprises, Inc., Case No. 18-80856; (ii) Advanced Sports, Inc., Case No. 18-80857; (iii) Performance Direct, Inc., Case No. 18-80860; (iv) Bitech, Inc., Case No. 18-80858; and (v) Nashbar Direct, Inc., Case No. 18-80859. Each Debtor is a North Carolina Corporation.

## BACKGROUND

3. On November 16, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition with the Court under Chapter 11 of the Bankruptcy Code.

4. The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Patrick Cunnane in Support of First Day Motions and Applications* filed on the Petition Date and incorporated herein by reference.

5. The Debtors have continued in possession of their properties and have continued to manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. On the Petition Date, each Debtor filed a substantially similar motion with this Court seeking to have its bankruptcy case jointly administered with the other Debtors' cases pursuant to Rule 1015(b) of the Bankruptcy Rules.

7. As of the date of this filing, the Debtors have not filed their schedules and statement of financial affairs (collectively, the "Schedules"). On the Petition Date, each Debtor filed a substantially similar motion with the Court seeking to extend the time to file their Schedules.

8. As of the date of this filing, no official committee of unsecured creditors has been appointed in any of these cases, and no request has been made for the appointment of a trustee or examiner.

## RELIEF REQUESTED

9. Pursuant to this Motion, the Debtors seek approval by this Court of the employment of William J. Burnett and the firm of Flaster/Greenberg, PC ("Flaster/Greenberg") as their bankruptcy counsel in these chapter 11 cases and related proceedings. By separate motion, the

Debtors also seek approval by this Court of the employment of Northen Blue, LLP ("Northen Blue") as their bankruptcy counsel in these chapter 11 cases and related proceedings. The professional services to be offered by Flaster/Greenberg and Northen Blue (collectively, "Bankruptcy Counsel") include:

    a. To give the Debtors legal advice with respect to their duties and powers as debtors-in-possession.

    b. To assist the Debtors in the management and/or sale of their properties and any other matter relevant to the cases or to the formulation of a plan.

    c. To assist the Debtors in the preparation and filing of all necessary schedules, statement of financial affairs, reports, a disclosure statement, and a plan.

    d. To assist and advise the Debtors in the examination and analysis of the conduct of the Debtors' affairs and the causes of insolvency.

    e. To assist and advise the Debtors with regard to communications to the general creditor body regarding any matters of general interest and any proposed plan of reorganization.

    f. To prepare, review or analyze all applications, orders, statements of operations, and schedules filed with the Court by the Debtors or other third parties, give advice to the Debtors as to their propriety, and after approval by the Debtors, consent to Orders.

    g. To perform such other legal services as may be required and in the interest of the Debtors, including but not limited to the commencement and pursuit of such adversary proceedings as may be authorized, and the defense of pending or future proceedings brought against the Debtors or affecting property of the estate.

10. The Debtors believe that the most efficient and effective way of administering these Chapter 11 cases is to retain Bankruptcy Counsel as their counsel in these proceedings. While it is possible that intercompany claims may exist between the Debtors, the Debtors currently are not aware of any unusual or egregious facts that would require retention of separate counsel for each Debtor.

3

11. Flaster/Greenberg represents no other entity in connection with these cases, represents or holds no interest adverse to the interest of the estates with respect to the matters on which they are to be employed, and are disinterested as that term is defined in 11 U.S.C. § 101.

12. Flaster/Greenberg has agreed to represent the Debtors for such compensation as may be subsequently allowed and approved in accordance with the provisions of the Bankruptcy Code and the fee application guidelines of this Court. On the Petition Date, the Debtors filed a *Motion for Establishment of Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals* requesting the entry of an order establishing procedures by which Bankruptcy Counsel and other professionals are paid by the Debtors in these proceedings.

13. Flaster/Greenberg has filed herewith an affidavit pursuant to Bankruptcy Rules 2014 and 2016, disclosing the information relevant to this Motion. A copy of the Affidavit is attached hereto as <u>Exhibit A</u>.

14. Flaster/Greenberg can and will provide specific benefits to the Debtors and its legal services will enhance the administration of these cases. The Debtors believe that such services will be in the best interest of all parties involved in these proceedings, and that Bankruptcy Counsel can manage and apportion the legal services required so as to minimize any duplication or unnecessary expense.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court:

1. Enter an order authorizing the employment of Flaster/Greenberg as counsel to the Debtors *nunc pro tunc* to the Petition Date; and

2. Grant the Debtors such other relief as the Court may deem necessary and proper.

4

Dated: November 16, 2018            Respectfully submitted,

NORTHEN BLUE, LLP

/s/ John A. Northen
John A. Northen
North Carolina State Bar No. 6789
jan@nbfirm.com
Vicki L. Parrott
North Carolina State Bar No. 25449
vlp@nbfirm.com
John Paul H. Cournoyer
North Carolina State Bar No. 42224
jpc@nbfirm.com
1414 Raleigh Road, Suite 435
Chapel Hill, North Carolina  27517
Telephone:  (919) 968-4441

PROPOSED COUNSEL FOR THE
DEBTORS-IN-POSSESSION

**FLASTER/GREENBERG P.C.**
William J. Burnett (PA Bar No. 75975)
(*pro hac* application pending)
Harry J. Giacometti (PA Bar No. 55861)
(*pro hac* application pending)
E. Richard Dressel (PA Bar No. 53297)
(*pro hac* application pending)
Damien Nicholas Tancredi (PA Bar No. 308317)
(*pro hac* application pending)
1835 Market Street, Suite 1050
Philadelphia, PA 19103
(215) 279-9383 Telephone
(215) 279-9394 Facsimile
william.burnett@flastergreenberg.com

5

## **EXHIBIT A**

**Burnett Affidavit**

## AFFIDAVIT

I, William J. Burnett, do solemnly depose and declare as follows:

1. I am an attorney duly licensed to practice law in the Commonwealth of Pennsylvania and the States of New Jersey and Delaware. I am a Shareholder with the law firm of Flaster/Greenberg, P.C. ("Flaster/Greenberg"). I am admitted to practice before the U.S. Bankruptcy Courts for the Eastern District of Pennsylvania, the District of New Jersey and the District of Delaware.

2. I, along with my firm, Flaster/Greenberg, have been retained to serve as bankruptcy counsel for the Debtors in these cases.

3. Neither I nor any member of the firm (i) is a creditor, an equity security holder or an insider of the Debtors, (ii) is or was within the preceding two years a director, officer or employee of the Debtors, or (iii) has an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. Both the firm and I are disinterested persons as defined in 11 U.S.C. Section 101.

4. The total compensation promised Flaster/Greenberg by the Debtors for the services rendered or to be rendered in connection with these cases will be based upon the customary hourly rates charged by members of the firm at the time such services are rendered (as noted herein), and in such amounts as may be approved by the Court after notice and hearing.

5. Flaster/Greenberg has performed legal work, mostly corporate and intellectual property from time to time for years prior to the Petition Date. Since the 90 days prior to the Petition Date, no compensation has been received by Flaster/Greenberg from the Debtors or any other person on said account, except as follows:

   a. Flaster/Greenberg previously issued invoices to Debtors for services rendered and were timely paid by the Debtors in the ordinary course as follows: (i) August 9, 2018 invoice in the amount of $6,109.74 which was paid on August 21, 2018, (ii) August 14, 2018 invoice in the amount $624.36 which was paid on September 4, 2018, (iii) September 13, 2018 invoice in the amount of $6,238.05 which as paid October 3, 2018 and (iv) October 10, 2018 invoice in the amount of $598.00 which was paid on October 24, 2018. In the event any party (including the Debtors) seeks to avoid and recover these payments as potentially preferential, Flaster/Greenberg would recuse itself from

representing the Debtors with respect to such matter and would retain separate counsel with respect to same.

b.    Beginning October 4, 2018, Flaster/Greenberg received retainer deposits from the Debtors in the aggregate amount of $213,342.70, of which $211,926.60 has been accrued for services rendered for prepetition fees, expenses and costs advanced subsequent to the receipt of said retainer. Immediately prior to the filing of the Debtors' Chapter 11 petitions, Flaster/Greenberg charged $211,926.60 against the retainer of $213,342.70 leaving a remaining balance of $1,416.10

c.    On November 15, 2018, Flaster/Greenberg received an additional $250,000 as a security retainer for payment of post-petition fees and expenses. This $250,000 retainer, along with the balance of the prior retainer of $1,416.10 for a total of $251,416.10 (the "Retainer Deposit") is being held in Flaster/Greenberg's Attorney Trust Account to be used at the end of the case, after all work has been completed and applied to the final fee application in such amounts as may be allowed by the Court.

d.    The Retainer Deposit is and will be fully refundable to the extent not used in payment of legal services provided to or for the benefit of the Debtors.

6.    There are no further undertakings by these or any other persons or entities to pay the post-petition fees or expenses of the Debtors other than through the Chapter 11 cases. No understanding or agreement exists for a division of fees or compensation with any other person or entity, except any agreement the shareholders of the firm have for the sharing of fee compensation with members of my law firm.

7.    Flaster/Greenberg has conducted an exhaustive conflict check of all parties in interest in these cases. In cases of this size, new parties in interest may surface. Flaster/Greenberg will continue to conduct conflict checks as appropriate. If Flaster/Greenberg subsequently determines that any other conflicts arise, I will prepare and file a supplemental affidavit and disclosure and file with the Court.

8.    Flaster/Greenberg's conflict check has determined that the firm does represent the following entities who appear to be vendors/potential unsecured creditors in these Chapter 11 cases but do not appear to have significant claims. Specifically, from time to time, Flaster/Greenberg represents: Travelers Club Luggage, Inc., Windstream Communication, American Express Company, Shopify, Inc., Direct Diagnostics Direct, Inc., Patricia Bell,

6978333 v1

Michael Cohn, Ron Williams, Robert Ross, Daniel Martin and David Levy in matters unrelated to the Debtors or these Chapter 11 cases. Flaster/Greenberg will not represent any of these parties in connection with any aspect of the Debtors' Chapter 11 cases nor will Flaster/Greenberg take any position directly adverse to these entities. In the event that the Debtors' need to take a positon directly adverse to any of these entities, Flaster/Greenberg will either obtain a mutual waiver or will defer the adverse matter to other counsel such as Northen Blue. Other than Windstream, the fees paid by each of these clients are de minimus and represent significantly less than 1% of Flaster/Greenberg's annual revenues in the last year. The fees paid by Windstream represent less than 2% of Flaster/Greenberg's annual revenues in the last year.

9. Thomas Durling is Vice-President and General Counsel for the Debtors, and he is also currently Of Counsel with Flaster Greenberg. Prior to joining the Debtors as General Counsel, Mr. Durling had been a shareholder with Flaster/Greenberg since July of 2009. On June 1, 2016, Mr. Durling commenced his employment with the Debtors, relinquished his rights as shareholder of Flaster/Greenberg and became Of Counsel. At that time, his interest in Flaster/Greenberg was fully redeemed. Mr. Durling has no equity interest in Flaster/Greenberg.

    a. As an Of Counsel attorney to Flaster/Greenberg, Mr. Durling does not share in any profits of Flaster/Greenberg, including any fees or profits the firm may derive from representing the Debtors. Any compensation paid to any Of Counsel attorney, including Mr. Durling, is calculated pursuant to a fixed and objective formula. This objective formula applies to all Of Counsel attorneys at Flaster/Greenberg. Flaster/Greenberg's formula calculates the annual compensation to Mr. Durling entirely based on a set percentage of fees collected during a calendar year for non-Debtor matters that Mr. Durling either: (i) personally billed time, (ii) acted as the responsible attorney, or (iii) was the originating attorney. None of Mr. Durling's compensation from Flaster/Greenberg is determined, directly or indirectly, from any fee income or profit derived by Flaster/Greenberg from the Debtors.

    b. Since June of 2016, Mr. Durling's compensation calculation specifically excludes all fees from any work performed for the Debtors. Since he became Of Counsel in 2016, this was always the case and will continue to be the case after the Debtors' cases commence. Mr. Durling is also not permitted to bill any time to any of the Debtors' matters handled by Flaster/Greenberg, and he is not treated as the "originator" or "billing attorney" on any of the Debtors' matters handled by Flaster/Greenberg.

6978333 v1

c.  Because Flaster/Greenberg has not given any "Origination" credit to Mr. Durling (or any other attorney) for any fees derived from services rendered for the Debtors since June of 2016, Flaster/Greenberg has reduced the fees charged to the Debtor for all work performed by Flaster/Greenberg by 14%. This reduction represents the percentage of fees paid to a Flaster/Greenberg attorney on the "Of Counsel" formula such as Mr. Durling that would have otherwise been paid to an "originating attorney" for fees collected in a given calendar year on matters originated by that attorney. Since no attorney is designated as the "originating attorney" for any services rendered for the Debtors, Flaster/Greenberg does not pay any "origination credit" to any of its attorneys for work performed for the Debtors. As a result, Flaster/Greenberg does charge the Debtors for any "origination credit" on fees for services rendered. Thus, the Debtors derive a 14% accommodation from the regular hourly rates of all attorneys on all billings and will continue to do so post-petition.

I declare under penalty of perjury that the foregoing is true and correct.

Date: November 16, 2018

_/s/ William J. Burnett_

William J. Burnett

**Sworn to and subscribed before me on November 16, 2018.**

_Maureen Wallin_

Notary Public
My Commission expires: Aug. 27, 2021

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Maureen Wallin, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires Aug. 27, 2021
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

6978333 v1