| Fill in this information to identify the case: |
| --- |
| Debtor: Advanced Sports Enterprises, Inc., et al. (see Annex A) |
| United States Bankruptcy Court for the: Middle District of North Carolina |
| Case number: 18-80856, et al. (see Annex A) |

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Wells Fargo Bank, National Association, as administrative agent (see Annex A)
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

c/o Riemer & Braunstein LLP (Steven Fox, Esq)
Name

Seven Times Square, Suite 2506
Number    Street

New York         NY         10036
City             State      ZIP Code

Contact phone 212.789.3100

Contact email sfox@riemerlaw.com

Where should payments to the creditor be sent? (if different)

Wells Fargo Bank, N.A. (Emily Abrahamson)
Name

One Boston Place
Number    Street

Boston           MA         02108
City             State      ZIP Code

Contact phone 617.854.7243

Contact email emily.j.abrahamson@wellsfargo.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___/___/_____
                                                                        MM  / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                              Proof of Claim                              page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ See Annex A . **Does this amount include interest or other charges?**
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

money loaned/financial accommodations

**9. Is all or part of the claim secured?**

☐ No
☑ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☑ Other. Describe:  see Annex A

**Basis for perfection:**  see Annex A

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ See Annex A
**Amount of the claim that is secured:** $ See Annex A
**Amount of the claim that is unsecured:** $ See Annex A (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ n/a

**Annual Interest Rate** (when case was filed) See Annex A
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

Official Form 410       Proof of Claim       page 2

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No <br> ☐ Yes. *Check one:* | **Amount entitled to priority** |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  11/21/2018
                  MM / DD / YYYY

*signature*

Signature

Print the name of the person who is completing and signing this claim:

Name       Steven E. Fox, Esq.
           First name        Middle name        Last name

Title      Attorney

Company    Riemer & Braunstein LLP
           Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    Seven Times Square, Suite 2506
           Number    Street
           New York                              NY        10036
           City                                  State     ZIP Code

Contact phone  212.789.3100              Email  sfox@riemerlaw.com

## ANNEX A

1) This Proof of Claim (the "Claim") is asserted by **WELLS FARGO BANK, NATIONAL ASSOCIATION** ("Wells Fargo"), as administrative agent for itself, its successors and assigns and the other lenders under the Credit Agreement (as defined below), against the estates of:

  a) **ADVANCED SPORTS ENTERPRISES, INC.**, debtor under chapter 11 case no. 18-80856;

  b) **ADVANCED SPORTS, INC.**, debtor under chapter 11 case no. 18-80857;

  c) **PERFORMANCE DIRECT, INC.**, debtor under chapter 11 case no. 18-80860;

  d) **BITECH, INC.**, debtor under chapter 11 case no. 18-80858; and

  e) **NASHBAR DIRECT, INC.**, debtor under chapter 11 case no. 18-80859 (individually, a "Debtor", and collectively, the "Debtors"), in each case pending in the United States Bankruptcy Court for the Middle District of North Carolina (joint administration pending).

2) The Claim arises under (x) a certain Credit Agreement dated as of August 15, 2016 (as same may have been amended, restated, supplemented or otherwise modified and in effect from time to time, the "Credit Agreement"), and (y) in respect of certain bank products and/or cash management and/or treasury management services provided by Wells Fargo or its Affiliates to Debtors and/or their subsidiaries and affiliates from time to time, in each case together with such additional documents, instruments, agreements, notes, mortgages and other security documents and letters of credit executed and/or delivered by or on behalf of any Debtor prior to the Petition Date (collectively together with any notes and all other documents, consents, instruments, assignments, amendments, agreements, guarantees and financing statements related thereto and/or executed in connection therewith, including, without limitation, the "Loan Documents" as defined in the Credit Agreement, collectively, the "Loan Documents").

3) As of the Petition Date, the aggregate amount outstanding under the Loan Documents was $36,557,806.75, plus letters of credit in the aggregate stated amount of $807,000.00, plus interest accrued and accruing at the default rate, costs, expenses, fees (including attorneys' fees and legal expenses), Credit Party Expenses (as defined in the Credit Agreement), other charges and other obligations, including, without limitation, on account of cash management, credit card, depository, investment, leasing, hedging and other banking or financial services secured by the Loan Documents. Schedule I annexed hereto sets forth an estimated itemization of such amounts as of the Petition Date.

4) The Claim is asserted in a secured, liquidated amount, plus interest, administrative fees, attorneys' fees and other expenses, as may be applicable under the Credit Agreement, and as allowable under Section 506(b) of the Bankruptcy Code.

5) The Claim is secured by (i) liens on substantially all of the Debtors' personal property, and (ii) mortgages on real property and related assets located at 10940 Dutton Road, Philadelphia, Pennsylvania and One Performance Way, Chapel Hill, North Carolina. Among other things, Mortgages have been recorded and UCC financing statements have been filed against each Debtor, reflecting the collateral as "all assets of the Debtor". Wells Fargo asserts, and the Debtors

have stipulated in pleadings filed with the Bankruptcy Court on the Petition Date, that Wells Fargo's secured claims are fully secured as of the Petition Date.

6) The Claim is legal, valid, binding, enforceable, and non-avoidable, and is not subject to offset, counterclaim, recoupment, or equitable subordination.

7) Wells Fargo reserves its right to file additional proofs of claim and/or to amend this Claim.

8) Due to the voluminous nature of the Loan Documents, copies of the same are not attached to this Proof of Claim. However, the Debtors are already in possession of the Loan Documents, and copies of the Loan Documents will be provided upon written request therefor made to the persons identified in Paragraph 10 below.

9) The filing of this Proof of Claim is not (i) a waiver or release of Wells Fargo's rights against any Debtor, any other person, entity, property, or guarantor, or (ii) an election of any remedies.

10) All notices and communications concerning this Claim should be addressed as follows:

>Riemer & Braunstein LLP
>One Center Plaza
>Boston, MA 02108
>Attn: Donald E. Rothman, Esq.
>
>-and-
>
>Riemer & Braunstein LLP
>Times Square Tower
>Seven Times Square, Suite 2506
>New York, NY 10036
>Attn: Steven E. Fox, Esq.

Schedule I

| | |
|---|---|
| Principal | $36,557,806.75 |
| Interest (as of the Petition Date, at Prime +3.75% per annum) | $129,999.22 |
| Letters of Credit | $807,000.00 |
| Letter of Credit Fees | $1,597.19 |
| Commitment Fees | $5,416.06 |
| Attorneys' Fees | $150,000.00 (est.) |
| Bank Products/Cash Management Services | $5,000.00 (est.) |
| **TOTAL** | **$37,656,819.22** |

2407361.1