**SO ORDERED.**

**SIGNED this 28th day of November, 2018.**



_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### DURHAM DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 18-80856 |
| | § | |
| ADVANCED SPORTS ENTERPRISES, INC., et al., | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |

**SECOND INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION ABL LENDERS, (III) SCHEDULING A FURTHER HEARING, AND (IV) GRANTING RELATED RELIEF**

This matter came before the Court on November 27, 2018 (the "**Second Interim Hearing**") to further consider the motion (the "*Motion*") of **ADVANCED SPORTS ENTERPRISES, INC.**, on behalf of itself and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "*Debtors*"), pursuant to sections 105, 361, 362, 363, 364, and 507 of Title 11, United States Code, 11 U.S.C. §§ 101 *et seq*. (the "*Bankruptcy Code*"), and in accordance with Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), filed in the United States Bankruptcy Court for the Middle District of North Carolina (this "*Court*") in these chapter 11 cases (the "*Chapter 11 Cases*"), for entry of interim and final orders authorizing the Debtors to obtain post-petition financing, authorizing the use of Cash Collateral, granting liens and super-priority claims, granting adequate protection to pre-petition lenders, modifying the automatic stay, and scheduling further hearings.

On November 21, 2018, the Court entered an interim order granting authority to use cash collateral (Doc. 82, the "First Interim Order") and continued the hearing on the Motion to November 27, 2018.

Upon consideration of the matters set forth in the Motion, the *Declaration of Patrick Cunnane in Support of First Day Pleadings* (the "**First Day Declaration**"), the evidence presented, the objections filed or raised at the hearing and the arguments of counsel, and after due deliberation and for good and sufficient cause appearing therefor the Motion is granted on an interim basis to the limited extent set forth below and the Motion is continued for further hearing on November 30, 2018 at 9:30 a.m. in Courtroom #1, U.S. Bankruptcy Court, 101 S. Edgeworth St., Greensboro, NC 27401.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. Interim Order Ratified. Except to the extent otherwise set forth below, the findings, conclusions and orders set forth in the First Interim Order are incorporated herein by reference and remain in full force and effect; provided however, Section III (M) is amended and restated as follows:

**M. Prepetition Secured Parties Governed By Prepetition Intercreditor Agreement**. The Prepetition ABL Agent, Trade Creditor Agent and Note Purchaser Agent are parties to the Prepetition Intercreditor Agreement. The Prepetition Intercreditor Agreement is a "subordination agreement" within the meaning of section 510(a) of the Bankruptcy Code in the Chapter 11 Cases. The Prepetition Secured Parties have stipulated that their respective interests in the Prepetition Collateral shall in each instance continue to be governed by the Prepetition Intercreditor Agreement. In accordance with the Prepetition Intercreditor Agreement, the Trade Creditor Agent and Note Purchaser Agent, respectively, are deemed to consent to the relief requested in this Interim Order upon the grant of adequate protection as provided herein.

2. Motion Granted on Interim Basis. The Motion is granted on an interim basis in accordance with the terms and conditions of this Order (the "Second Interim Order"). Subject to the terms hereof, this Second Interim Order is valid immediately and is fully effective upon its entry.

3. Authorization for Use of Cash Collateral. Pursuant to the terms and conditions of this

Second Interim Order, and in accordance with and as may be limited by the Approved Budget, the Debtors are authorized to use Cash Collateral in amounts up to and not to exceed the amounts set forth in those line items set forth in the Approved Budget for the week ending November 30, 2018.

4.  Adequate Protection. As adequate protection for any diminution in the value of the respective interests of the Prepetition Secured Parties in the Prepetition Collateral (including Cash Collateral) on account of the Debtors' use of Cash Collateral ("**Diminution in Value**"), the Prepetition Secured Parties shall receive adequate protection as set forth in the First Interim Order as incorporated in this Second Interim Order (collectively, "**Adequate Protection**").

5.  Nothing herein shall impair or modify the Prepetition Secured Parties' respective rights under section 507(b) of the Bankruptcy Code in the event that the Adequate Protection provided to the Prepetition Secured Parties hereunder is insufficient to compensate for the Diminution in Value of their respective interests in the Prepetition Collateral during the Chapter 11 Cases or any Successor Case; provided, however, that (a) nothing herein shall impair the Debtors' or any other party in interest's right to seek to contest any request for additional or different adequate protection, including, without limitation any objection permissible under the Prepetition Intercreditor Agreement, and (b) any section 507(b) claim granted in the Chapter 11 Cases to any Prepetition Secured Party(ies) shall be subject in all respects to the Prepetition Intercreditor Agreement.

6.  Notwithstanding any modification, amendment, or vacation of any or all of the provisions of this Second Interim Order, any claim or protection granted to the Prepetition Secured Parties arising prior to the effective date of such modification, amendment, or vacation of any such claim or protection granted to the Prepetition Secured Parties shall be governed in all respects by the original provisions of the First Interim Order as incorporated in this Second Interim Order, and the Prepetition Secured Parties shall be entitled to all of the rights, remedies, privileges, and benefits, including the Adequate Protection granted herein, with respect to any such claim.

7. The provisions of this Second Interim Order shall be binding upon and inure to the benefit of the Prepetition Secured Parties, the Debtors, and their respective successors and assigns (including any trustee or other fiduciary hereinafter appointed as a legal representative of the Debtors or with respect to the property of the estates of the Debtors), and any Committee, whether in the Chapter 11 Cases, in any Successor Case, or upon dismissal of any such chapter 11 or chapter 7 case.

8. Except as explicitly provided for herein, this Second Interim Order does not create any rights for the benefit of any third party, creditor, equity holder, or any direct, indirect or incidental beneficiary, other than the Debtors and the Prepetition Secured Parties.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Second Interim Order, and each of the Prepetition Secured Parties consents to the jurisdiction of this Court to determine all matters with respect to the Prepetition Intercreditor Agreement.

10. **A further hearing on the Motion shall be held before this Court on November 30, 2018 at 9:30 a.m. in Courtroom #1, U.S. Bankruptcy Court, 101 S. Edgeworth St., Greensboro, NC 27401.**

11. The Debtors shall, within one (1) business day of the entry of this Second Interim Order, serve a copy of the Second Interim Order and notice of the further Hearing upon: (A) the Bankruptcy Administrator, William P. Miller, 101 South Edgeworth Street, Greensboro, NC 27401; (B) counsel to the DIP Agent and the Prepetition ABL Agent, (x) Riemer & Braunstein LLP (Attn: Donald Rothman, Esq. and Steven E. Fox, Esq.), Times Square Tower, Seven Times Square, Suite 2506, New York, NY 10036 (Email: drothman@riemerlaw.com; sfox@riemerlaw.com), and (y) Williams Mullen (Attn: Holmes P. Harden, Esq.), 301 Fayetteville Street, Suite 1700, Raleigh, NC 27601 (Email: hharden@williamsmullen.com); (C) counsel to the Trade Creditor Agent, (x) Hahn & Hessen, (Attn: Mark Power, Esq.), 488 Madison Avenue, New York, NY 10022 (Email: mtp@hahnhessen.com); (D) counsel to the Note Purchaser Agent; (E) holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtors; (F) any and all parties known to the Debtors to assert a lien or security interest in any of the Prepetition Collateral and/or DIP Collateral, including, without limitation, any party that holds an

asserted Permitted Prior Lien; (G) the Internal Revenue Service; (H) all appropriate state taxing authorities; (I) all landlords, owners, and/or operators of premises at which any of the Debtors' operate their businesses; and (J) any other party that files a request for notices with the Court as of the date of such service.

[END OF DOCUMENT]

**Exhibit "1"**

**Budget**

ASE, et al
Daily Cash Flow Projection
*In $000's*

|  | Projection | | | | |
|---|---:|---:|---:|---:|---:|
|  | Tuesday<br>11/27/2018 | Wednesday<br>11/28/2018 | Thursday<br>11/29/2018 | Friday<br>11/30/2018 | Total |
| **Cash Inflows:** | | | | | |
| Bitech/PBS Direct | 1,665 | 418 | 368 | 310 | 2,761 |
| Nashbar | 99 | 203 | 190 | 187 | 679 |
| ASI | 112 | 101 | 101 | 90 | 404 |
| Miscellaneous | (1,876) | (124) | - | - | (2,000) |
| **Total Cash Inflows** | **(0)** | **598** | **659** | **587** | **1,843** |
| **Cash Outflows:** | | | | | |
| Merchandise and Related Payments | - | - | - | - | - |
| Taxes (S&U, Property) | (548) | - | - | - | (548) |
| Rent | - | - | - | - | - |
| Utilities | - | - | - | - | - |
| Payroll & Benefits | (100) | - | (1,010) | (40) | (1,150) |
| Advisory and Liquidator | (45) | - | - | (102) | (147) |
| ASI Outflow | (274) | - | - | (38) | (312) |
| Other | - | - | - | - | - |
| **Total Operating Disbursments** | **(968)** | **-** | **(1,010)** | **(180)** | **(2,158)** |
| Weekly CF Before Non-Op Expense | (968) | 598 | (351) | 407 | (315) |
| **Financing Disbursements** | | | | | |
| DIP Revolver Interest and Fees | - | - | - | - | - |
| Second Lien and Other Note Fees | - | - | - | - | - |
| Standby LC Reserve Draw | - | - | - | - | - |
| All Other Fees | - | - | - | - | - |
| **Total Financing Disbursements** | - | - | - | - | - |
| **Total Disbursements** | **(968)** | **-** | **(1,010)** | **(180)** | **(2,158)** |
| **Beginning Cash Balance** | 3,503 | 2,536 | 3,133 | 2,782 | 3,503 |
| **Net Cash In/Out** | (968) | 598 | (351) | 407 | (315) |
| **Ending Cash Balance** | **2,536** | **3,133** | **2,782** | **3,189** | **3,189** |