IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| In re:<br><br>Advanced Sports Enterprises, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-80856<br><br>(Jointly Administered) |

**MOTION TO EMPLOY PROVINCE, INC. AS FINANCIAL ADVISOR
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF ADVANCED SPORTS ENTERPRISES, INC., *ET AL.*,
*NUNC PRO TUNC* TO NOVEMBER 29, 2018**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby files this motion (the "Motion") for an order. In support of the Motion, the Committee respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory predicates for relief requested herein are section 327 of title 11 of the United States Code, 11 U.S.C. §§101 *et seq.* (the "Bankruptcy Code"), and

---

[1] The Debtors in this case, along with each Debtor's case number, are: (i) Advanced Sports Enterprises, Inc., Case No. 18-80856; (ii) Advanced Sports, Inc., Case No. 18-80857; (iii) Performance Direct, Inc., Case No. 18-80860; (iv) Bitech, Inc., Case No. 18-80858; and (v) Nashbar Direct, Inc., Case No. 18-80859. Each Debtor is a North Carolina Corporation.

Rules 2014, 2016, and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On November 16, 2018 (the "Petition Date"), the Debtors filed voluntary petitions with this Court under chapter 11 of the Bankruptcy Code.

4. The Debtors are operating their business and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. As of the date of this filing, no trustee or examiner has been appointed in these cases by the Office of the Bankruptcy Administrator for the Middle District of North Carolina (the "Bankruptcy Administrator").

6. On November 27, 2018, the Bankruptcy Administrator appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Docket No. 109]. The Committee currently consists of the following nine (9) members:

   a. Quality Bicycle Products, Inc.;
   b. Garmin USA;
   c. J&B Importers, Inc.;
   d. Active Cycles;
   e. ElliptiGO, Inc.;
   f. Highway Two;
   g. Aaron Corporation DBA JP Sportswear;
   h. Louis Garmeau USA, Inc.; and
   i. PT Insera Sena.

7. On November 29, 2018, the Committee selected Province as its proposed financial advisor.

8.  The Firm has extensive experience representing official creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases, including, as financial advisor to the official committees of unsecured creditors in American Tire, Taco Bueno, National Stores, Brookstone, Toys "R" Us Property Company I, LLC, Samuels Jewelers, Nine West, Claire's, The Walking Company, Patriot National, Shiekh Shoes, Velocity Holding Company (MAG), Aerogroup International, Inc. (Aerosoles), Mac Acquisition LLC (Romano's Macaroni Grill), Cornerstone Apparel, Inc. (Papaya), True Religion Apparel, Inc., Payless ShoeSource, Inc., Gordmans Stores, Inc., hhgregg Inc., Eastern Outfitters LLC, Inc., Prestige Industries LLC, Gulf Chemical & Metallurgical Corporation, Performance Sports Group, Fresh-G Restaurant Intermediate Holding, LLC (Garden Fresh Restaurants), Golfsmith International Holdings, Inc., Aéropostale, Inc., Pacific Sunwear, Inc., Fresh & Easy, LLC, The Wet Seal, LLC, National Air Cargo, Inc., Magnetation, LLC, and KSL Media Inc. matters, the debtors in Woodbridge Group, Focus Property Group, Superior Linen, Argosy Casino (Penn National) and American West Homes, and the trustee in Avaya, Inc., Samson Resources, Maxus Energy La Paloma Generating Company LLC, RadioShack, Coldwater Creek, Inc., Loehmann's Inc., and Eddie Bauer. Accordingly, the Committee believes that the Firm is well-qualified to render the services described below.

## RELIEF REQUESTED

9.  Pursuant to this Motion, the Committee seeks approval by this Court of the employment of Province, Inc. ("Province") as financial advisor in these chapter 11 cases and related proceedings. The professional services to be offered by Province include:

3

    a.    becoming familiar with and analyzing the Debtors' cash collateral budget, assets and liabilities, and overall financial condition;

    b.    assessing the Debtors' various pleadings and proposed treatment of unsecured creditor claims therefrom;

    c.    reviewing financial and operational information furnished by the Debtors to the Committee;

    d.    assisting the Committee regarding the Debtors' sale process;

    e.    assisting the Committee in reviewing the Debtors' financial reports, including, but not limited to, SOFAs, Schedules, cash budgets, and Monthly Operating Reports;

    f.    advising the Committee on the current state of these chapter 11 cases;

    g.    preparing, or reviewing as applicable, avoidance action and claim analyses;

    h.    advising the Committee in negotiations with the Debtors and third parties as necessary;

    i.    if necessary, participating as a witness in hearings before the bankruptcy court with respect to matters upon which Province has provided advice; and

    j.    other activities as are approved by the Committee, the Committee's counsel, and as agreed to by Province.

10.    Province represents no other entity in connection with these cases, represents or holds no interest adverse to the interest of the estates with respect to the matters on which they are to be employed and is disinterest as that term is defined in 11 U.S.C. §101.

11.    Province has agreed to provide financial advisory services to the Committee for compensation in accordance with the engagement agreement attached hereto and as may be subsequently allowed and approved in accordance with the provisions of the Bankruptcy Code and the fee application guidelines of this Court.

12.    Province has filed herewith an affidavit pursuant to Bankruptcy Rules 2014 and 2016, disclosing the information relevant to this Motion. A copy of the Affidavit is attached hereto as **Exhibit A**.

13. Province can and will provide specific benefits to the Committee and its services will enhance the administration of these cases. The Committee believes that such services will be in the best interest of all parties involved in these proceedings.

## **CONCLUSION**

**WHEREFORE**, the Committee respectfully requests that this Court:

1. Enter and order authorizing the employment of Province to provide financial advisory services to the Committee *nunc pro tunc* to November 29, 2018; and

2. Grant the Committee such other relief as the Court may deem necessary and proper.

Respectfully submitted, this 3rd day of December, 2018

        THE OFFICIAL COMMITTEE OF
        UNSECURED CREDITORS OF AMERICAN
        SPORTS ENTERPRISES, INC., *ET AL.*


        By: /s/ *Brian Mitteldorf*
            *Active Cycles*


        *Chairperson of the Official Committee of*
        *Unsecured Creditors of American Sports*
        *Enterprises. Inc., et al.*

# EXHIBIT A

## Morrison Affidavit

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| In re:<br><br>Advanced Sports Enterprises, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-80856<br><br>(Jointly Administered) |

**AFFIDAVIT OF STILIAN MORRISON IN SUPPORT OF MOTION TO EMPLOY PROVINCE, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ADVANCED SPORTS ENTERPRISES, INC., *ET AL.*, *NUNC PRO TUNC* TO NOVEMBER 29, 2018**

I, Stilian Morrison, do solemnly depose and declare as follows:

1. I am a managing director with the firm of Province, Inc. ("Province"), which is a financial advisory firm with its principal office located at 2360 Corporate Circle, Suite 330, Henderson, Nevada 89074. Province also has offices in the Los Angeles, Miami-Fort Lauderdale, and the Washington DC-Baltimore metro areas.

2. I am fully familiar with the facts hereinafter and submit this affidavit (the "Affidavit") in connection with the *Motion to Employ Province, Inc. as Financial Advisor for the Official Committee of Unsecured Creditors of Advanced Sports Enterprises, Inc., et al., Nunc Pro Tunc to November 29, 2018* (the "Motion") pursuant to Section 327(a) of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

---

[1] The Debtors in this case, along with each Debtor's case number, are: (i) Advanced Sports Enterprises, Inc., Case No. 18-80856; (ii) Advanced Sports, Inc., Case No. 18-80857; (iii) Performance Direct, Inc., Case No. 18-80860; (iv) Bitech, Inc., Case No. 18-80858; and (v) Nashbar Direct, Inc., Case No. 18-80859. Each Debtor is a North Carolina Corporation.

1

3. To the extent that any information disclosed herein requires amendment or modification upon Province's receipt of additional information or as additional information becomes available, a supplemental affidavit will be submitted to the Court.

**Professional Fees and Expenses**

4. Pursuant to the terms and conditions of the engagement letter dated November 29, 2018 by and between the Committee and Province (the "Engagement Letter"), Province has agreed to accept payment for services provided to the Committee in this case at its standard rates. A copy of the Engagement Letter is attached hereto.

5. The fee schedule summarizing Province's standard rates are summarized as follows:

| | |
|---|---|
| Principal | $790-835 |
| Managing Director | $620-685 |
| Senior Director | $570-610 |
| Director | $480-560 |
| Sr. Associate | $395-475 |
| Associate | $350-390 |
| Analyst | $285-345 |
| Para professional | $150 |

6. The Committee has also agreed to reimburse Province for all actual and necessary out-of-pocket business expenses incurred in connection with this matter.

7. These rates are set at a level designed to fairly compensate Province for the work of its personnel. After conducting certain diligence in connection with reasonable compensation that Province could request for the provision of its services in these Chapter 11 cases, upon information and belief, the terms of the Engagement Letter are similar to the terms, both financial and otherwise, agreed to by Province and other financial consultancy firms, both inside and outside of bankruptcy. Moreover, the terms of the Engagement Letter were negotiated between the Committee and Province, and

reflect the work to be performed by Province in these Chapter 11 cases and the firm's financial advisory expertise.

8. Province intends to apply to the Court for payment of compensation for services rendered and reimbursement of actual and necessary out-of-pocket business expenses, in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court. Province has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues, or tasks addressed in the case.

9. No compensation has been received by Province from the Committee or any other person on said account.

10. Province has agreed not to share (a) any compensation that it may receive with another party or person, other than members of the firm itself or (b) any compensation that another person or party has received.

**Province's Conflict Check System**

11. A search of the client databases and other relevant databases of Province was performed to identify any connections or relationships with the entities with which the Debtors have material relationships as identified by the Debtors. Such analysis consisted of a review of contacts with the Debtors and entities holding claims or interests in the Debtors that were made reasonably known to Province by the Debtors. A list of the parties reviewed is reflected in **Schedule 1** to this Affidavit. Province's review

included conducting a query of such parties in databases containing the names of individuals and entities that are current or former clients of Province, or who have other relationships with Province. The result of Province's conflict check did not identify any conflicts with the parties listed on **Schedule 1**.

12. Province has represented, represents, and in the future will likely represent many committees in matters unrelated to the Debtors and these cases, whose members may be lenders, creditors, and/or committee members in these cases. Province will not represent any such parties in connection with any claims they may individually have against the Debtors.

13. Province personnel currently serve, and have previously served, as the liquidating trustee or plan administrator in cases wholly unrelated to the Debtors wherein professionals retained in these cases have also served as bankruptcy professionals or have represented members of committees. Province does not believe that any of these representations creates a conflict.

14. Members of Province, in their roles as liquidating trustee or in similar oversight capacities, routinely prosecute preference/avoidance actions. Creditors in these cases may also be or have been defendants in these types of actions, and their respective counsel may similarly have been adverse in those matters.

### Disinterestedness of Province

15. To the best of my knowledge, and based on the results of the conflict search, Province is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code (as supplemented by Section 1107(b) of the Bankruptcy Code), in that, except as otherwise set forth herein, Province and its professionals:

(a)      are not creditors, equity security holders or insiders of the Debtors;

(b)      are not and were not, within 2 years before the date of the filing of the Debtors' Chapter 11 petitions, directors, officers, or employees of the Debtors; and

(c)      do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

16. In addition, to the best of my knowledge and based upon the results of the conflicts search described above, other than as described herein, neither I, Province, nor any member or associate thereof, holds nor represents an interest adverse to the Debtors or its estate.

17. If any new material, relevant facts or relationships are discovered or arise, Province will promptly file a supplemental affidavit pursuant to Bankruptcy Rule 2014(a).

18. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 3rd day of December, 2018.

                                                 */s/ Stilian Morrison*
                                                 Stilian Morrison
                                                 Managing Director
                                                 Province, Inc.

**Schedule 1**

| | | |
|---|---|---|
| Advanced Sports, Inc. | Adverse | Debtor |
| Advanced Sports Enterprises, Inc. | Adverse | Debtor |
| Performance Direct, Inc. | Adverse | Debtor |
| Bitech, Inc. | Adverse | Debtor |
| Nashbar Direct, Inc. | Adverse | Debtor |
| Performance Bicycle | Adverse | Debtor |
| Performance, Inc. | Adverse | Debtor |
| Performance Holdings, Inc. | Adverse | Debtor |
| Nova Designs, Inc. | Adverse | Debtor |
| Supergo Corp. | Adverse | Debtor |
| The Great Outdoors Imports, Inc. | Adverse | Debtor |
| Skitech, Inc. | Adverse | Debtor |
| Jadeland Pacific Limited | Adverse | Other |
| Ideal Bicycle Corp. | Adverse | Other |
| York Street Mezzanine Partners II, L.P. | Adverse | Other |
| Patrick Cunnane | Adverse | Other |
| Econotrade Ltd. | Adverse | Other |
| A. Gary Snook | Adverse | Other |
| David Pruitt | Adverse | Other |
| Sharon Snook | Adverse | Other |
| Howard Heavin | Adverse | Other |
| Diane Heavin | Adverse | Other |
| Jane Parker | Adverse | Other |
| Jim Thompson | Adverse | Other |
| NCP Performance, L.P. (North Castle Fund IV, LP) | Adverse | Other |
| Peter Roy | Adverse | Other |
| Snook Investments, L.P. | Adverse | Other |
| Fang-Chin (Debbie) Chiu | Adverse | Manager |
| Karen Bliss | Adverse | Manager |
| Kenneth Taylor | Adverse | Manager |
| Thomas Durling | Adverse | Manager |
| Wells Fargo NA | Adverse | Other |
| Advanced Holdings Co., Ltd. | Adverse | Other |
| York Street Mezzanine Partners | Adverse | Other |
| Northern Blue, LLP | Adverse | Other |
| Flaster/Greenberg, PC | Adverse | Other |
| Clear Thinking Group LLC | Adverse | Other |
| D.A. Davidson & Co. | Adverse | Other |
| A&G Realty Partners, LLC | Adverse | Other |
| ACT Testing Inc. | Other | Creditor |
| Active Cycles | Other | Creditor |
| Auroras Encore LLC | Other | Creditor |
| FedEx | Other | Creditor |
| FedEx Trade Networks | Other | Creditor |

6

| | | |
|---|---|---|
| Golden Springs Development Company, LLC | Other | Creditor |
| Green Worldwide Shipping, LLC | Other | Creditor |
| Marin Bikes | Other | Creditor |
| Mizuki International Limited | Other | Creditor |
| Oris Intel | Other | Creditor |
| People for Bikes | Other | Creditor |
| Pinkbike | Other | Creditor |
| PT Insera Sena | Other | Creditor |
| Shanghai General Sport Co | Other | Creditor |
| Shanghai Headline Development Co. Ltd. | Other | Creditor |
| Team Tibco | Other | Creditor |
| Universal Cycle Holding Co., Ltd. Taiwan | Other | Creditor |
| UPS | Other | Creditor |
| US Customs & Border Protection | Other | Creditor |
| XPO Logistics, Inc. | Other | Creditor |
| Accell North America, Inc. | Other | Creditor |
| Alicia Center Company | Other | Creditor |
| Aptos, Inc. | Other | Creditor |
| Clif Bar & Company | Other | Creditor |
| CLS Facility Services | Other | Creditor |
| Ellipitigo Inc. | Other | Creditor |
| EN-R-G Goods | Other | Creditor |
| Federal Realty Investment | Other | Creditor |
| Gordon & Rees LLP | Other | Creditor |
| Hamilton Plaza Investors LLC | Other | Creditor |
| Hoffman Murtaugh Advg Inc. | Other | Creditor |
| J&B Importers Inc. | Other | Creditor |
| Kimco Realty Corporation | Other | Creditor |
| Kramer Graphics, Inc. | Other | Creditor |
| Marin Mountain Bikes Inc. | Other | Creditor |
| Quad/Graphics Inc. | Other | Creditor |
| Revolution Media | Other | Creditor |
| The Carroll Family Trust | Other | Creditor |
| The Patrick G. Gina T. Gleason Patrick G | Other | Creditor |
| Windstream | Other | Creditor |
| Arizona Dept. of Revenue | Other | Creditor |
| B&W International GMBH | Other | Creditor |
| Bushnell Corporation | Other | Creditor |
| California Dept. of Tax and Fee Admin. | Other | Creditor |
| Diagnostics Direct Inc. | Other | Creditor |
| Fitwell Bicycle Company, Inc. | Other | Creditor |
| Flexip Solutions | Other | Creditor |
| Indiana Dept. of Revenue | Other | Creditor |
| Maryland-Comptroller Treasury | Other | Creditor |
| Profile Desing | Other | Creditor |
| Rocky Mounts, Inc. | Other | Creditor |

| | | |
|---|---|---|
| Saris Cycling Group Inc. | Other | Creditor |
| SC Dept of Revenue | Other | Creditor |
| State of Michigan | Other | Creditor |
| Thule Inc. | Other | Creditor |
| Todson Inc. | Other | Creditor |
| United Parcel Service | Other | Creditor |
| Vista Outdoor Sales LLC | Other | Creditor |
| ZOIC | Other | Creditor |
| Aaron Corporation | Other | Creditor |
| Bluesky Techonology Partners, I | Other | Creditor |
| Castelli USA | Other | Creditor |
| Elite | Other | Creditor |
| Fox Racing Inc. | Other | Creditor |
| Garmin Int'l | Other | Creditor |
| Google Inc. | Other | Creditor |
| Highway Two | Other | Creditor |
| Lezyne USA Inc. | Other | Creditor |
| Louis Garneau USA Inc. | Other | Creditor |
| Mondetta | Other | Creditor |
| Pearl Izumi USA Inc. | Other | Creditor |
| Ramiko | Other | Creditor |
| UPS/UPS SCS Charlotte | Other | Creditor |
| Vittoria Industries | Other | Creditor |
| Wahoo Fitness Inc. | Other | Creditor |

**<u>Engagement Letter</u>**

**<u>Engagement Letter</u>**



November 29, 2018

The Official Committee of Unsecured Creditors of Advanced Sports Enterprises, Inc., *et al.*

RE:   Province Inc. Engagement Letter – Advanced Sports Enterprises, Inc. et al. Chapter 11 Matter

Dear Committee Chairperson:

This letter confirms Province Inc.'s ("Province") arrangements with the Official Committee of Unsecured Creditors (the "Committee")[2] in re: Advanced Sports Enterprises, Inc., et al. ("ASE" or "Debtors"), Case No. 18-80856.

**Project Scope and Approach**

The Committee desires to engage Province to perform financial advisory and related services to the Committee in the ASE's Chapter 11 Bankruptcy.

Province's work in this area will be performed under the direction of the Committee and Counsel, and may consist of the following services:

- Review and analysis of the Debtors' weekly financial and cash flow performance as compared to its budget;
- Review and analysis of historical operating results and recent performance and comparison to Debtors' long-term projections;
- Assessment of liquidity needs, cash flows, and viability/profitability of the business;
- Analysis of Debtors' business as a going concern;
- Identification and valuation of any unencumbered assets;
- Expert testimony related to any financial and/or litigation matter the Committee may require, including valuation and feasibility;
- Preparation of estimated payout or distribution analyses;
- Review and analysis of financial and cash flow projections to evaluate the feasibility of the Debtors' projections or any proposed Plan of Reorganization;
- Review any proposed Plan of Reorganization and Disclosure Statement;
- Assist the Committee and its counsel in developing strategies and related negotiations with the Debtors and other interested parties with respect to elements of the treatment of and consideration provided to the unsecured creditors under any proposed Plan or such treatment under alternative proposals; and
- Assist the Committee and its counsel as requested with respect to various financial matters.

The Committee and Counsel acknowledge that Province's work is highly dependent on the availability of relevant documents, Debtors' personnel, and other factors beyond the control of Province. Province will use commercially reasonable efforts to assist the Committee and Counsel in meeting any stated deadlines but the Committee and Counsel acknowledge that despite these efforts, due to such factors, any stated deadlines and timelines may not be met.

---

[2] The term "Committee," as used herein, shall mean the Official Committee of Unsecured Creditors as a whole, not its individual members.

**Professional Fees & Expenses**

Province will charge for this work based upon hourly rates as set forth in the schedule below, plus reasonable out-of-pocket expenses. The hourly rates charged by Province will be in accordance with the following schedule of standard rates:

|  | Standard Rates |
|---|---|
| Principal | $790 - $835 |
| Managing Director | $620 - $685 |
| Senior Director | $570 - $610 |
| Director | $480 - $560 |
| Sr. Associate | $395 - $475 |
| Associate | $350 - $390 |
| Analyst | $285 - $345 |
| Para professional | $150 |

We agree to submit invoices to the Committee and Counsel for review and approval. We agree to charge for the Services provided hereunder at the rates set forth above, plus reasonable expenses incurred in connection with performance of the Services. Periodically, Province may adjust its fees to reflect company-wide pricing changes, and rate modifications associated with customary promotions of engagement personnel. We intend to provide notice before implementing any increases in rates for professionals working on this chapter 11 case.

**Engagement Team**
Province reserves the right to staff the project as it sees fit and according to the personnel available to it.

Please indicate your acceptance of this Agreement by signing where indicated below and returning it to us. We look forward to the opportunity to assist you in this project. Please contact me at (702) 685-5555 with any questions regarding this Agreement or the project.

Very truly yours,

PROVINCE INC.


By:   /s/ Stilian Morrison            Date:   November 29, 2018

   Stilian Morrison
   Managing Director
   Province Inc.


AGREED AND ACKNOWLEDGED:

By:   _____          Date:   12-3-18
   Brian Mittledorf
   Chairperson of The Official Committee of Unsecured
   Creditors of Advanced Sports Enterprises, Inc., *et al.*

11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| ADVANCED SPORTS ENTERPRISES, INC., ) | |
| *et al.*,[1] ) | Case No. 18-80856 |
| Debtors. ) | (Jointly Administered) |
| ) | |

## AMENDED CERTIFICATE OF SERVICE

I hereby certify that the **MOTION TO EMPLOY PROVINCE, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ADVANCED SPORTS ENTERPRISES, INC.,** *ET AL.*, *NUNC PRO TUNC* **TO NOVEMBER 29, 2018** was filed electronically in accordance with the local rules and was served upon all parties to the Master Service List [Dkt. No. 142] on the date set forth hereunder either by first class mail or by electronic service through CM/ECF:

Dated this 3rd day of December, 2018.

**WALDREP LLP**

/s/ *Thomas W. Waldrep, Jr.*
Thomas W. Waldrep, Jr. (NC Bar No. 11135)
Jennifer B. Lyday (NC Bar No. 39871)
Francisco T. Morales (NC Bar No. 43079)
John R. Van Swearingen (NC Bar No. 53646)
101 South Stratford Road, Suite 210
Winston-Salem, North Carolina 27104
Telephone: (336)717-1280
Facsimile: (336)717-1340
Email: notice@waldrepllp.com

*Proposed Co- Counsel for the Official Committee of Unsecured Creditors of Advanced Sports Enterprises, Inc., et al.*

---

[1] The Debtors in this case, along with each Debtor's case number, are: (i) Advanced Sports Enterprises, Inc., Case No. 18-80856; (ii) Advanced Sports, Inc., Case No. 18-80857; (iii) Performance Direct, Inc., Case No. 18-80860; (iv) Bitech, Inc., Case No. 18-80858; and (v) Nashbar Direct, Inc., Case No. 18-80859. Each Debtor is a North Carolina Corporation.